UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL FALLON, JEAN-PAUL GASTER, DAN MAINES and RICHARD SULT, individually and collectively p/k/a CLUTCH<br><br>Plaintiffs,<br><br>vs.<br><br>DRT ENTERTAINMENT, INC., and DEREK SCHULMAN<br><br>Defendants. | Civil Action No.08-CV-4452<br><br>**REPLY TO COUNTERCLAIMS**<br><br>**JURY DEMANDED** |

Plaintiffs Neil Fallon, Jean-Paul Gaster, Dan Maines and Richard Sult, individually and collectively performing as the musical group "Clutch," by and for their Reply to the Counterclaims of Defendant DRT Entertainment, Inc., state and allege as follows:

### FIRST COUNTERCLAIM
(Breach of Contract)

1. Plaintiffs deny generally each and every allegation set forth in the Counterclaims except as specifically admitted, denied, qualified or otherwise answered.

2. Admit the allegations contained in paragraph 93.

3. Admit the allegations contained in paragraph 94.

4. Admit the allegations contained in paragraph 95.

5. Admit the allegations contained in paragraph 96.

6. Admit the allegations contained in paragraph 97.

7. Admit the allegations contained in paragraph 98.

8. Admit the allegations contained in paragraph 99.

1

9. Deny each and every allegation contained in paragraph 100, except to admit that Exhibit A attached to the Complaint is the License Agreement ("License Agreement") which speaks for itself.

10. Deny each and every allegation contained in paragraph 101, except to affirmatively state that the License Agreement speaks for itself.

11. Deny each and every allegation contained in paragraph 102, except to affirmatively state that the License Agreement speaks for itself.

12. Deny each and every allegation contained in paragraph 103, except to affirmatively state that the License Agreement speaks for itself.

13. Deny each and every allegation contained in paragraph 104, except to affirmatively state that the License Agreement speaks for itself.

14. Deny each and every allegation contained in paragraph 105, except to affirmatively state that the License Agreement speaks for itself.

15. With respect to the allegations contained in paragraph 106, admit DRT released "Blast Tyrant" on or about March 30, 2004, and deny each and every other allegation, except to affirmatively state that the License Agreement speaks for itself.

16. Deny each and every allegation contained in paragraph 107, except to affirmatively state that the License Agreement and any written notices sent pursuant to the License Agreement speak for themselves.

17. With respect to the allegations contained in paragraph 108, admit DRT released "Robot Hive/Exodus" on or about June 21, 2005, and deny each and every other allegation, except to affirmatively state that the License Agreement speaks for itself.

18. With respect to the allegations contained in paragraph 109, admit DRT released "From Beale Street to Oblivion" on or about March 27, 2007, and deny each and every other allegation, except to affirmatively state that the License Agreement speaks for itself.

19. Deny each and every allegation contained in paragraph 110.

20. Deny each and every allegation contained in paragraph 111.

21. Admit the allegations contained in paragraph 112.

22. Admit the allegations contained in paragraph 113.

23. Admit the allegations contained in paragraph 114.

24. Admit the allegations contained in paragraph 115.

25. Admit the allegations contained in paragraph 116.

26. Admit the allegations contained in paragraph 117, except deny the alleged DVD title. Plaintiffs affirmatively state that the correct title is "Full Fathom Five Video Field Recordings."

27. Admit the allegations contained in paragraph 118, except deny the alleged DVD title and list of songs. Plaintiffs affirmatively state that the correct title is "Full Fathom Five Video Field Recordings" and the song "Mr. Shiny Cadillackness" is not on the DVD.

28. Deny each and every allegation contained in paragraph 119. Plaintiffs affirmatively state that "Pitchfork & Lost Needles" was released by Megaforce in September 2004.

29. Admit the allegations contained in paragraph 120.

30. Admit the allegations contained in paragraph 121.

31. Deny each and every allegation contained in paragraph 122.

32. Deny each and every allegation contained in paragraph 123.

33. Deny each and every allegation contained in paragraph 124.

34. Deny each and every allegation contained in paragraph 125.

35. Deny each and every allegation contained in paragraph 126.

## SECOND COUNTERCLAIM
(Breach of Contract)

36. Plaintiffs reallege and incorporate each and every admission, denial, qualification or answer contained in paragraphs 1 through 35 of the Reply herein.

37. Deny each and every allegation contained in paragraph 127.

38. Deny each and every allegation contained in paragraph 128, except to affirmatively state that the License Agreement speaks for itself

39. Deny each and every allegation contained in paragraph 129.

40. Deny each and every allegation contained in paragraph 130. Plaintiffs affirmatively state that "Jamroom" was released by Megaforce in July, 2004.

41. Deny each and every allegation contained in paragraph 131.

42. Deny each and every allegation contained in paragraph 132.

43. Deny each and every allegation contained in paragraph 133.

44. Deny each and every allegation contained in paragraph 134.

## THIRD COUNTERCLAIM
(Breach of Contract)

45. Plaintiffs reallege and incorporate each and every admission, denial, qualification or answer contained in paragraphs 1 through 44 of the Reply herein.

46. Deny each and every allegation contained in paragraph 135.

47. Deny each and every allegation contained in paragraph 136.

48. Deny each and every allegation contained in paragraph 137.

49. Deny each and every allegation contained in paragraph 138.

50. Deny each and every allegation contained in paragraph 139.

51. Deny each and every allegation contained in paragraph 140.

52. Deny each and every allegation contained in paragraph 141.

### FOURTH COUNTERCLAIM
(Breach of Contract)

53. Plaintiffs reallege and incorporate each and every admission, denial, qualification or answer contained in paragraphs 1 through 52 of the Reply herein.

54. Deny each and every allegation contained in paragraph 142.

55. Deny each and every allegation contained in paragraph 143.

56. Deny each and every allegation contained in paragraph 144.

57. Deny each and every allegation contained in paragraph 145.

58. Deny each and every allegation contained in paragraph 146.

59. Deny each and every allegation contained in paragraph 147.

### FIRST AFFIRMATIVE DEFENSE

60. The Counterclaims fail to state a claim in whole or in part upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

61. The Counterclaims are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

62. The Counterclaims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

63. The Counterclaims are barred by failure of consideration.

## FIFTH AFFIRMATIVE DEFENSE

64. The Counterclaims are barred by failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

65. The Counterclaims are barred by the unclean hands of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

66. The Counterclaims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

67. Any performance by Plaintiffs is excused by Defendant's prior material breaches and/or non-performance and/or abandonment and/or repudiation of the Agreement.

## NINTH AFFIRMATIVE DEFENSE

68. If Defendant suffered any damages, such damages were the result of Defendant's owns acts, negligence, breach of contract or other fault, or the result of acts, negligence, breach of contract or other fault of third parties over whom Plaintiffs have no control.

**WHEREFORE**, Plaintiffs prays for judgment against Defendants as follows:

A. Deny all relief Defendant DRT Entertainment, Inc. requests in its Counterclaims;

B. Award Plaintiff all relief sought in the Complaint; and,

C. Award Plaintiffs such other and further relief as the Court may deem just and equitable.

Dated: September 2, 2008

ATTORNEYS FOR PLAINTIFFS
FURGANG & ADWAR, L.L.P

By: _____
Stephanie Furgang Adwar  SA-1711
1325 Avenue of the Americas, 28ᵗ Floor
New York, NY  10019
(212) 725-1818

6

Of Counsel
LOMMEN, ABDO, COLE, KING &
STAGEBERG, P.A.
Timothy C. Matson, Esq.
Minn. Atty. I.D. No. 225423
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 339-8131